UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:09CV-60-M

**VIVIAN JANET BOWMAN**                                                                         **PLAINTIFF**

v.

**WENDY'S RESTAURANTS et al.**                                                          **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff commenced this action against Defendants Wendy's Restaurants and two of its employees, "Ranae Unknown and Mary Unknown." Plaintiff has filed an application to proceed without prepayment of filing fees (DN 2). Plaintiff's application makes the requisite showing under 28 U.S.C. § 1915(a). Her application is, therefore, **GRANTED**. Because Plaintiff is proceeding *in forma pauperis*, this Court is required to screen the complaint "before process is served." *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997) (referencing 28 U.S.C. § 1915(e)(2)). For the reasons set forth below, this action will dismissed because Plaintiff failed to present her claims to the Equal Employment Opportunity Commission (EEOC) before filing suit.

**I.**

This action is before the Court for preliminary screening pursuant to 28 U.S.C. § 1915(e)(2). This statute requires the Court to dismiss a case at any time if the court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from relief. *See id.*; *McGore v. Wrigglesworth*, 114 F.3d at 601.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (internal citations omitted). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**II.**

In her form complaint, Plaintiff alleges that she was the victim of age and sex discrimination while working at a Wendy's Restaurant in Bowling Green, Kentucky. According to Plaintiff she filed this suit the very day that the incidents giving rise to her claim occurred.

Under both Title VII of the Civil Rights Act and the Age Discrimination in Employment Act (ADEA) plaintiffs must exhaust their administrative remedies before the Equal Employment Opportunity Commission before filing suit in federal court. *See Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992) (citing *Brown v. General Serve. Admin.*, 425 U.S. 820, 832, (1976)). When a charge of discrimination is filed, the EEOC must investigate the complaint in order to determine whether there is "reasonable cause to believe that the charge is true." 42 U.S.C. § 2000e-5(b). If the EEOC determines that the complaint has a reasonable basis, it will issue a right-to-sue letter to the plaintiff. 29 C.F.R. § 1601.28(b). If the EEOC does not issue a right-to-sue letter within 180 days after the charge of discrimination is filed, the plaintiff may request such a letter. 29 C.F.R. § 1601.28(a).

A person must possess a right-to-sue letter from the EEOC in order to file suit under Title VII or the ADEA. A right-to-sue letter, while not a jurisdictional requirement, is a condition precedent to maintaining an employment-discrimination claim under either Title VII or the ADEA. *See Rivers v. Baberton Board of Education*, 143 F.3d 1029, 1032 (6th Cir. 1998). A plaintiff's failure to satisfy the condition precedent of exhausting administrative remedies can result in dismissal of the action without prejudice. *See Jones v. Smith-McKinney Co.*, No04-CV-80-JMH, 2004 U.S. Dist. LEXIS 29761 (E.D. Ky. Nov. 18, 2004).

Plaintiff does not indicate that she obtained a right-to-sue letter from the EEOC or

provide documentary evidence of such a letter. In fact, Plaintiff alleges that she filed this complaint the same day that the incidents giving rise to her claims took place. As such, her claims will be dismissed without prejudice.

Date:

cc:     Plaintiff, *pro se*
        Defendants
4414.008